# CIRCUIT COURT OF SUSSEX COUNTY

Commonwealth of Virginia

v.

José O. Quintanilla

June 7, 2005

BY JUDGE W. ALLAN SHARRETT

This matter comes before the Court on the Defendant's motion to introduce evidence that the Defendant and the complaining witness had a prior, consensual sexual relationship approximately one to one and one-half months before the date of the alleged offense which gave rise to the charge of rape for which the Defendant now stands indicted. The question presented is whether the evidence is admissible under the provisions of Va. Code § 18.2-67.7, commonly known as the "Rape Shield Statute."

The purpose of Virginia's Rape Shield Statute is to "exclude evidence in sexual assault cases of the 'general reputation . . . of the complaining witness's unchaste character or prior sexual conduct'." *League v. Commonwealth*, 9 Va. App. 199, 206, 385 S.E.2d 232 (1989) (quoting *Winfield v. Commonwealth*, 225 Va. 211, 217-19, 301 S.E.2d 15 (1983)). Section (A)(2) of the statute makes admissible specific instances of prior sexual conduct between the complaining witness and the defendant only if such evidence is relevant and is reasonably proximate to the offense charged under the circumstances of the case. Hence, the Court's analysis involves a consideration of whether the proffered evidence meets standards of (1) relevance, and (2) proximate relation to the offense charged.

12

There is no question that the evidence, if timely, is relevant. A prior consensual relationship between the complaining witness and the Defendant is certainly a fact which would bear on the issue, inherent in the very definition of rape, of whether the act was accomplished by force, threat, or the other means set forth in the statute. The crux of the matter, therefore, is whether the alleged prior conduct occurred within a period of time reasonably proximate to the offense charged.

"Whether prior sexual conduct is `reasonably proximate' to the offense charged must be decided based on the totality of the circumstances of each case." *League, supra,* at 208. The Court, therefore, must take into consideration the time lapse between the sexual conduct, the nature of the prior sexual relationship, if the relationship was continuing, and the circumstances surrounding the alleged offense. *Id.,* at 208. In *League,* the Court held that, notwithstanding a time lapse of eight to nine months between the prior conduct and the offense at bar, the facts proffered occurred at a time reasonably proximate to the offense charged. In the instant case, there is only a lapse of one to one and one-half months; the conduct is alleged to have been consensual; for money; and the offense charged is alleged to have been charged by the complaining witness as a result, essentially, of a fee dispute. Under the circumstances of this case, then, the Court is of the opinion that the alleged prior sexual conduct occurred within a period of time reasonably proximate to the offense charged, and is, thus, admissible under Va. Code § 18.2-67.7. For the same reasons, the proffered testimony of other eyewitnesses to the same alleged prior conduct is likewise admissible.